UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Bakken Residential, LLC, | ) | Civil No:  4:12-CV-146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cahoon Enterprises, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for the parties certify that on January 10, 2013, they conferred by telephone to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1.      The parties shall make by **February 1, 2013,** Rule 26(a)(1) disclosures in the method and manner outlined by the rule.

2.      The issues on which the parties need to conduct discovery are:

  (a)      Plaintiff's theory of liability and damages and defenses to counterclaim

  (b)      Defendant's defenses and counterclaim theory of liability and damages

3.      The parties shall have until **January 31, 2014** to complete fact discovery and to file discovery motions.

4.      The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows:

Plaintiff:        **October 18, 2013**
Defendants:   **November 15, 2013**

(Reports to be served on other parties, but not filed with the Court.)

5.      The parties shall have until **January 31, 2014** to complete discovery depositions of expert witnesses.

6.      The parties shall have until **May 3, 2013** to move to join additional parties.

7.      The parties shall have until **May 3, 2013** to move to amend pleadings to add claims or defenses, except for claims for punitive damages for which the deadline shall be __N.A.__.

8.      The parties shall have until **May 3, 2013** to file other nondispositive motions (e.g., consolidation, bifurcation).

9.      The parties shall have until **May 3, 2013** to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations).  Discovery (<u>shall not</u>) be stayed during the pendency of such motions.

10.     The parties shall have until **February 14, 2014** to file other dispositive motions (summary judgment as to all or part of the case).

11.     Each party shall serve no more than 25 interrogatories, including subparts.  No broad contention interrogatories (i.e., "List all facts supporting your claim that . . .") shall be used.  (Show good cause for more than 25 interrogatories allowed by Rule 33).

12.     Each side shall take no more than **10** discovery depositions.  (Show good cause for more than the 10 depositions allowed by Rule 30.)

13.     Depositions taken for presentation at trial shall be completed **30** days before trial.

14.    Counsel have discussed between themselves and explored with their clients early

involvement in alternative dispute resolution.  The following option(s) would be

appropriate in this case.

    \_\_\_\_    **arbitration**

    \_\_\_\_    **mediation** (choose one):

        \_\_\_\_    private mediator

        \_\_\_\_    court-hosted  early  settlement  conference  -  should  the

conference be held before a judge who will not be the trial

judge?

            \_\_\_\_    yes

            \_\_\_\_    doesn't matter

    \_\_\_\_    **early neutral evaluation** before (choose one);

        \_\_\_\_    judge other than trial judge

        \_\_\_\_    neutral technical expert

        \_\_\_\_    neutral attorney

        \_x\_\_    other (specify) – **the parties are attempting negotiations**

**with their attorneys.**

        \_\_\_\_    none (explain reasons) _____

15.    A mid-discovery status conference **would not** be helpful in this case.

16.    The parties **will** voluntarily waive their rights to proceed before a district judge

and consent to have a magistrate judge conduct any and all further proceedings in

the case, including the trial, and order the entry of a final judgment.

17.    Trial of this case will be **jury**.

18.     The estimated length of trial is **4 days**.

Dated this 11th day of January, 2013.

PEARCE & DURICK

By:     /s/     *Zachary E. Pelham*
B. TIMOTHY DURICK, ND Bar #02994
ZACHARY E. PELHAM, ND Bar #05904
RACHEL A. BRUNER-KAUFMAN, ND Bar #06418
Individually and as Members of the Firm
*Attorneys for Plaintiff Bakken Residential, LLC*
314 East Thayer Avenue
PO Box 400
Bismarck, ND 58502-0400
(701) 223-2890
btd@pearce-durick.com
zep@pearce-durick.com
rbk@pearce-durick.com

Dated this 11th day of January, 2013.

FURUSETH LAW FIRM, PC

By:     /s/ *Peter H. Furuseth*
PETER H. FURUSETH, ND Bar #04160
*Attorneys for Defendant Cahoon Enterprises, LLC*
612 4th Street East
PO Box 417
Williston, ND 58802-0417
(701) 774-0005
pete@furusethlaw.com

## ORDER

The above scheduling/discovery plan is approved with the following

additions/modifications:

Dated this 15ᵗʰ day of January, 2013.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court