**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bakken Residential, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Cahoon Enterprises, LLC, | ) | Case. No. 4:12-cv-146 |
| | ) | |
| Defendant. | ) | |

Bakken Residential, LLC ("Bakken") and Cahoon Enterprises, LLC ("Cahoon") entered into agreement, with three addendums, in which Cahoon agreed to sell 42.74 acres of real property in Ray, North Dakota, to Bakken for $3.4 million.[1] On October 19, 2012, Bakken initiated the above-entitled action, asserting that the parties were unable to close on the sale of the subject property because of Cahoon's breach of the parties' agreement. It is seeking specific performance, or, in the alternative, an award for damages under theories of breach of contract, quantum meruit, or unjust enrichment.

On February 11, 2013, Cahoon filed a Motion for Summary Judgment in which it attributed the parties inability to close on the sale of the subject property to Bakken's difficulties in obtaining financing. That same day Bakken filed a motion requesting the court to enter a temporary restraining order and preliminary injunction enjoining Cahoon from advertising and/or selling the property to a third-party. Bakken subsequently filed a Motion for Partial Judgment on its specific performance claim, again asserting that the parties were unable to close on account of Cahoon's

---

[1] The agreement was executed by the parties in January 2012. The addendums were respectively executed by the parties in January, April, and July 2012. (Docket Nos. 1-1 through 1-3). In the second and third addendums the parties agreed to a closing date of July 31, 2012. (Docket Nos. 1-2 and 1-3).

1

breach of the parties' agreement.

Repeatedly advised by the parties during periodic status conferences that they were engaging in ongoing negotiations in an effort to resolve this matter, the court issued a series of orders extending the briefing deadlines and otherwise holding parties' motions in abeyance until October 21, 2014. (Docket Nos. 26-31, 40, 42, 47-48, and 50-51).

The court has reviewed all of the parties submissions to date. In light of all that has transpired since Bakken filed its Motion for Temporary Restraining Order and Preliminary Injunction and given that damages appear at this point to be an adequate remedy, it is not inclined to enjoin Cahoon from marketing or otherwise selling the subject property to a third-party. Bakken's Motion for a Temporary Restraining Order and Preliminary Injunction (Docket Nos. 18 and 22) is therefore **DENIED**.

Cahoon's Motion for Summary Judgment (Docket No. 17) and Bakken's Motion for Partial Summary Judgment (Docket No. 23) are likewise **DENIED** as there are material facts in dispute as to what the poorly drafted agreement required and/or why the parties were unable to close on the sale of the subject property as originally contemplated. Cahoon's request for a hearing on its motion (Docket No. 21) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court